IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MOUSSA MOISE HABA, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:20CV751–HEH
)
COLONEL PERRY, *et al.*, )
)
Defendants. )

**MEMORANDUM OPINION**
(Dismissing Action Without Prejudice)

Plaintiff, a federal detainee, submitted this civil rights action. In order to state a viable claim under *Bivens*,[1] a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by each defendants' conduct. Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, by Memorandum Order entered on October 4, 2021, the Court directed Plaintiff to file a particularized complaint within fourteen (14) days of the date of

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

entry thereof. The Court warned Plaintiff that if he did not submit a particularized complaint within the time provided, the matter would be dismissed.

On October 14, 2021, the Court received a letter from Plaintiff asking for an additional 120 days to file his particularized complaint, citing, among other things, various mental health issues that he was experiencing. By Memorandum Order entered on October 22, 2021, the Court denied Plaintiff's request for an extension of time to file his particularized complaint. Nevertheless, the Court notified Plaintiff that it would accept his particularized complaint if he filed it within thirty (30) days of the date of entry thereof. The Court informed Plaintiff that if he was unable to litigate the action, he could move to voluntarily dismiss the action and could file a new complaint at a later time.

More than fourteen (14) days have now elapsed since the entry of the October 4, 2021 Memorandum Order, and more than thirty (30) days have elapsed since the entry of the October 22, 2021 Memorandum Order. Plaintiff has failed to submit a particularized complaint, as he was instructed to do.

On December 1, 2021, the Court received yet another Motion for an Extension of Time (ECF No. 32) from Plaintiff, in which he requests an additional sixty (60) days to file a particularized complaint. In support of his request, Plaintiff cites to various mental health issues that he has been experiencing and the fact that he has been on a medical tier since November 24, 2021. (ECF No. 32.)

On October 22, 2021, the Court provided Plaintiff with an additional thirty (30) days to file a particularized complaint. Thus, Plaintiff had until November 22, 2021, to file his particularized complaint. Plaintiff's latest request for an extension of time, which

2

was dated November 27, 2021, and which was received on December 1, 2021, clearly falls outside of that time period. Accordingly, this Court may only grant Plaintiff an extension upon a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Plaintiff has failed to make such a showing. Plaintiff's own submission demonstrates that he was not transferred to the medical tier until November 24, 2021, two days after his time for filing a particularized complaint had already expired. (ECF No. 32.) Thus, that factor has no bearing on the Court's analysis. Further, Plaintiff indicates that his mental health episode began on November 10, 2021. (*Id.*) However, Plaintiff fails to explain why he could not have filed a particularized complaint in the more than two weeks that passed in between the time the Court issued the October 22, 2021 Memorandum Order and the time his mental health episode began.[2] Thus, the Motion for an Extension of Time (ECF No. 32) will be denied.

---

[2] This Court routinely gives plaintiffs fourteen (14) days to return a particularized complaint, as evidenced by the October 4, 2021 Memorandum Order. Plaintiff fails to explain, and the Court fails to discern, why Plaintiff could not have returned a particularized complaint within the above timeframe if he was acting diligently. Perhaps Plaintiff's inability to comply with this Court's orders can be attributed to the fact that he was more focused on other pleadings that he considered to be more important than the one that the Court directed him to submit. For example, on November 1, 2021, at a time when Plaintiff should have been drafting a particularized complaint, the Court received from Plaintiff an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 29) and a Motion for an Expedited Hearing (ECF No. 30), in which he requests, *inter alia*, that the Court order the Defendants to refrain from deporting him so that he can more easily litigate this action. (ECF No. 29 at 2.) Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811, 816 (4th Cir. 1991). At this stage, Plaintiff has not made a "clear showing:" (1) that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *see also Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated and remanded on other grounds by*, 559 U.S. 1089 (2010) (requiring that each of the four factors be satisfied

3

Plaintiff has been given multiple opportunities to submit a particularized complaint but has steadfastly failed to comply with the orders of this Court. Accordingly, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b). As the Court previously informed Plaintiff, he may file a new complaint when he is better able to litigate this matter.

An appropriate order will accompany this Memorandum Opinion.

                                                   /s/
                                 Henry E. Hudson
Date: Dec. 6, 2021        Senior United States District Judge
Richmond, Virginia

---

before interlocutory injunctive relief is warranted). Accordingly, these Motions (ECF Nos. 29, 30) will be denied. To the extent that Plaintiff is deported, he is certainly free to litigate this matter from wherever he may reside at that time.