# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

MOUSSA MOISE HABA, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:20CV751–HEH
)
COLONEL PERRY, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

THIS MATTER is before the Court on Defendant's Motion for Extension of Time to File Response. (ECF No. 35.) By Memorandum Order entered on October 4, 2021, the Court directed Plaintiff to file a particularized complaint within fourteen (14) days of the date of entry thereof. On October 14, 2021, the Court received a letter from Plaintiff asking for an additional 120 days to file his particularized complaint. The Court denied Plaintiff's request for an extension of time on October 22, 2021. Nevertheless, the Court notified Plaintiff that it would accept his particularized complaint if he filed it withing thirty (30) days of entry thereof. The Court informed Plaintiff that if he was unable to litigate the action, he could move to voluntarily dismiss the action and could file a new complaint at a later time.

More than fourteen (14) days elapsed since the entry of the October 4, 2021 Memorandum Order, and more than thirty (30) days elapsed since the entry of the October 22, 2021 Memorandum Order, and Plaintiff has failed to submit a particularized

complaint, as he was instructed to do. Rather, on December 1, 2021, the Court received yet another Motion for an Extension of Time from Plaintiff, in which he requested an additional sixty (60) days to file a particularized complaint. On December 6, 2021, the Court denied Plaintiff's second Motion for an Extension of Time and dismissed the action without prejudice due to Plaintiff's failure to particularize his complaint.

On December 23, 2021, the Court received a third Motion for an Extension of Time from Plaintiff, in which he requests an additional sixty (60) days to file his particularized complaint. Because Plaintiff's submission was received within twenty-eight days after the entry of the December 6, 2021 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff does not cite to any change in the controlling law, or new evidence that was not previously available in support of his Rule 59(e) Motion. Further, Plaintiff fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 35) will be denied.

If Plaintiff wishes to pursue his claim(s), he may file a new complaint that will be opened as a new civil action. However, Plaintiff will remain responsible for the entire filing fee for this action and for any new action Plaintiff pursues.

An appropriate Order shall issue.

_____/s/_____
Henry E. Hudson
Senior United States District Judge

Date: January 14, 2022
Richmond, Virginia